## DANIEL STEVENS AND ELIZABETH L. STEVENS, HIS WIFE, *vs.* AMOS KENT *et a.*

Where a testator gave to his executors a certain sum in trust, that they should vest it in some secure property, and pay the interest accruing upon it to his daughters, *A.* and *B.*, in equal shares, and also such part of the principal, not exceeding one half, as they should think advisable ; the residue to be paid to the children of *A.* and *B.*, upon the decease of *A.* and *B.* respectively, or when the children should respectively arrive at the age of 21 years, which ever should first happen, the children of *A.* to have one half, and the children of *B.* the other ; and then directed, that if either *A* or *B.* should become a widow, then his executors should pay her " one half of the sum aforesaid in six months from the " decease of her husband" ; it was held, that when one of the daughters became a *widow*, she was entitled only to one half the sum allotted to her and her children.

Tнis was an action of assumpsit brought to recover a legacy, alleged to be given to the said *Elizabeth L. Stevens*, in the will of her father, *John Prentice, Esq.*, and was submitted to the decision of the court upon a statement of facts, in substance as follows :

*John Prentice*, on the second day of May, 1808, made his will, which contains the following clause : " I do bequeath " unto my executors, hereinafter named, a sum equal to two-" tenths of the value of my estate, both real and personal, " remaining after the payment of my debts, and particular " legacies bequeathed to my daughter *Sarah*, my son *Henry*, " my son *Nathaniel P. S.*, my daughter *Martha*, and my " daughter *Elizabeth Lewis*, and the expenses of supporting " my children aforesaid, deducting from said two-tenths the " sum of $1400 for what I have heretofore advanced to my " daughter *Martha Neal*, wife of *M. L. Neal, Esq.*, and " *Elizabeth L. Adams*, wife of *Samuel Adams*. The sum be-" forementioned I bequeath unto my said executors in trust, " for the following purposes, to wit : That my said execu-" tors place said sum in some property, which shall, in their

" opinion, be as secure as possible, and pay to my said
" daughters, *Martha* and *Elizabeth*, in equal shares, the in-
" come of said property, at their discretion.   I do likewise
" direct my executors to pay to my said daughters, in equal
" shares, such part of the principal of said sum as they may
" think advisable, not exceeding the one half of the share
" of either to either.   And my will is, that the remainder
" of the aforesaid sum be paid to my grand-children, the
" children of the said *Martha* and *Elizabeth*, after the de-
" cease of their mothers, or when they shall arrive at the
" age of twenty-one years, which ever shall first happen, in
" equal shares ; paying to the children of *Martha* the one
" half, and to the children of *Elizabeth* the other half.   I
" do further direct my said executors, that if either of my
" daughters, *Martha* or *Elizabeth*, shall become a widow, to
" pay said daughter the one half of the aforesaid sum with-
" in six months from the decease of her husband."

*John Prentice* died, and his will was duly proved and al-
lowed.   The defendants in this case are the executors nam-
ed in the said will.   *Samuel Adams*, the former husband of
the said *Elizabeth L. Stevens*, died more than six months
before the commencement of this action, and the defendants
paid to her, before her intermarriage with *Daniel Stevens*,
all the interest accruing on the sum directed in the will to
be paid to her and her children, and one half of the prin-
cipal.   At the time of making the said will, the testator's
daughters, *Martha* and *Elizabeth L.*, had each several chil-
dren, who are now living.

*Thom*, counsel for the plaintiffs.

*Mason*, for the defendants.

RICHARDSON, C. J., delivered the opinion of the court.

The testator, in this case, gave to his executors a certain
sum of money in trust, that they should vest it in some safe
property, and pay the income of it to his daughters, *Martha*
and *Elizabeth*, in equal shares.   He directed his executors,
also, to pay his said daughters such part of the principal as
they should think advisable, not exceeding the one half of
the share of either to either.   He then declared his will to

Stevens
*vs.*
Kent et al.

be, that the remainder of the aforesaid sum be paid to his grand-children, the children of the said *Martha* and *Elizabeth*, in equal shares. After the decease of their mothers, or when they should arrive at the age of twenty-one years, which ever should first happen, the children of *Martha* to have one half, the children of *Elizabeth* the other. The testator then added the following clause : " I do further direct my said " executors, that if either of my daughters, *Martha* or *Eliza-* " *beth*, shall become a widow, to pay said daughter the one " half of the aforesaid sum within six months from the " decease of her husband." In the different constructions which the parties put upon this clause in the will, the present suit has its origin. The plaintiffs contend, that by the phrase, " the one half of the aforesaid sum," was intended one half of the whole sum lodged in the hands of the executors in trust ; and that the plaintiff, *Elizabeth*, in six months from the decease of her former husband, became entitled to demand and receive from the defendants the whole sum, which, in the former part of the will, had been directed to be paid to her and her children. If this be the true construction of the will, judgment must be given in favor of the plaintiffs. On the other hand, the defendants contend, that by the phrase, " the one half of the aforesaid sum," is to be understood one half of the sum directed to be paid to each of the testator's said daughters and her children ; that the intention of the testator was, in case either of his said daughters became a widow, one half the sum appointed to be paid to her and her children, should be paid to her at once ; which, till that event by former provisions in the will was to be paid only at the discretion of the executors.

In the decision of the question which this case presents, the defendants have personally no interest. They are mere trustees. The contest is in fact between a mother and her children ; or, what is still more probable, between a father-in-law and the children. For, if the plaintiffs can prevail in this suit, whatever is recovered will become the property of the father-in-law, and every claim of the children will be gone forever. There is no pretence that he can be com-

pelled to hold the money in trust for the use of the children. The case must, however, be decided in the same manner as if the mother still remained a widow.

In the construction which the plaintiffs attempt to put upon the will, there seem to us to be difficulties not very easy to be obviated or surmounted. Suppose the case that all the children of these daughters of the testator had arrived at the age of twenty-one years, and one half of all the money in the hands of the defendants had been paid over to them in pursuance of the directions in the will, before either of the testator's said daughters became a widow; then suppose one or both of the daughters to become widows, would it be contended that these defendants could be compelled to pay again to these daughters what they had thus before paid over to their children? Most surely not. Yet, if the construction which the plaintiffs put upon the clause of the will, now under consideration, be correct, there seems to be no reason why they should not be compelled thus to pay. For that construction makes the direction of the testator to be in substance this, " pay to the children of my said daughters, " as they arrive at the age of 21 years, one half of the said " sum, and when my said daughters become widows, pay " the whole of the said sum to them." In our opinion, a construction which makes these clauses in the will thus repugnant to one another, is not to be admitted, if it can be avoided.

Nor can it be easily conjectured, why the testator should have limited the discretion of his executors in the payment of principal to the daughters, to one half the sum intended for each and her children, if when the cause, which most manifestly induced him to lodge a discretion in his executors on the subject, was removed, he intended the daughters should have the whole principal. These are some of the difficulties, that are met in the construction, which these plaintiffs put upon this instrument. And they seem to us to be difficulties against which the plaintiffs cannot prevail. In our opinion, the true construction of this clause in the will, is this: the money lodged in the hands of the executors in

trust, was to be divided into two equal shares, one of which shares was to be for the use of each of the testator's said daughters and her children ; all interest accruing upon each share while in the hands of the executors, was to be paid to the said daughters respectively, and also such portion of the principal of each share as the executors should think adviseable, not exceeding one half; the residue of each share, to be divided among the respective children of each of the daughters, and paid to them upon the death of their mother, or upon their arrival at the age of 21 years, whichever should first happen ; but in case either of the daughters became a widow, then one half the share given to her and her children, was to be paid to her within six months from the decease of her husband. It seems very clear to us, that the only object of the clause of the will which has given birth to this suit. was to make the sum intended for each of the *testator's* daughters, payable at all events, and at once upon the death of her husband, which until that event, was to be payable only in such portions, as the executors should think advisable. It is not to be denied, that there is some ambiguity in this clause of the will ; but take the whole will together, we have not been able to entertain a doubt that this is the true construction. There must, therefore, be judgment for the defendants.

*Judgment for the defendants.*